**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Patricia Udoh, | ) | No. CV09-0908 PHX DGC |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Glencroft, | ) | |
| Defendant. | ) | |

Plaintiff Patricia Udoh has filed a complaint against Defendant Glencroft Retirement Community, asserting that Glencroft violated her civil rights. Dkt. #1. Defendant has filed a motion to dismiss pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure. Dkt. #12. The motion is fully briefed. For the reasons that follow, the Court will deny the motion and grant Plaintiff one additional opportunity to serve Defendant with the aid of the United States Marshal.

**I.    Background.**

Plaintiff filed her complaint on April 29, 2009. Dkt. #1. On October 6, 2009, this Court ordered that the matter would be dismissed within ten days if Plaintiff failed to show good cause for her failure to serve Defendant. Dkt. #6. On October 13, 2009, Plaintiff filed a response to the Court's order stating that she had properly served the summons on May 11, 2009 by mailing the complaint and summons to F. Jay Shetler, the person authorized to receive process for Defendant. Dkt. #8. On October 15, 2009, Plaintiff filed an executed summons in which a process server swore he had served Shetler that day. Dkt. #10. On

November 2, 2009, Defendant filed the motion to dismiss, asserting that Plaintiff has failed to serve it as required by Rule 4 of the Federal Rules of Civil Procedure. Dkt. #12 at 1.

## II. Legal Standard.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Under Rule 4(h), service of process on a corporate entity must be effected by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant," or by following state law for serving a summons. Fed. R. Civ. P. 4(h). Mailing a copy of the summons and complaint to a company, without personal service, is not sufficient under Rule 4(h) or Rule 4.2 of the Arizona Rules of Civil Procedure. Fed. R. Civ. P. 4(h); Ariz. R. Civ. P. 4.2 (stating that, in certain circumstances, service by mail is acceptable for a party outside the state, but not for a corporation located within the state). Generally, when service of process is contested, the burden is on the plaintiff to show that proper service was made. *See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993); *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005).

## III. Analysis.

Glencroft has provided affidavits of Jay Shetler and Kathy Smith asserting that Shetler was never served personally with the summons and complaint. Dkt. #14. The affidavits allege that the summons and complaint were left at Shetler's office while he was away, that he never authorized another person to receive service, and that he never waived service requirements. *Id*.

Plaintiff has filed a proof of service form which states the summons was personally served on Shetler. Dkt. #10. The proof of service form is much less detailed than Glencroft's affidavits and, when compared to the affidavits, does not carry Plaintiff's burden

1  of showing that proper service was made. Because proper service is necessary for this Court
2  to exercise personal jurisdiction over Glencroft, *see Benny*, 799 F.2d at 492, and given that
3  Plaintiff has not met her burden of showing that proper service was effected, the Court will
4  grant Plaintiff one additional opportunity to serve Defendant. Because Plaintiff is proceeding
5  *pro se*, the Court will enlist the assistance of the United States Marshal in completing service.

The Court will order the Clerk of Court to send Plaintiff a service packet containing a copy of the Complaint, this order, a Summons form, and a Request for Waiver form. Plaintiff must complete and return the service packet to the Clerk of Court within 30 days of the date of this order. If Plaintiff completes and returns the service packet within 30 days, the Court will direct the United States Marshal Service to seek a waiver of service from Glencroft pursuant to Rule 4(d) of the Federal Rules of Civil Procedure or, if waiver cannot be obtained, to serve process on Glencroft. If Plaintiff fails to return the completed service packet within 30 days, the Court will dismiss this action.

In addition to arguing that it was never properly served, Defendant also argues that this case should be dismissed because Plaintiff has never shown good cause for her failure to serve it in a timely manner. Dkt. #12 at 4. Plaintiff has not directly addressed whether she had good cause for her failure to serve Defendant before October 15, 2009. Dkt. #6. In her response to Defendant's motion to dismiss, however, Plaintiff reiterates her continuing belief that it was proper for her to serve Defendant by mail as she did on May 11, 2009. Dkt. #15 at 1-2; *see* Dkt. #8. She contends that personal service was not necessary. *Id.* The Court finds that this mistaken belief on the part of a *pro se* plaintiff constitutes excusable neglect and amounts to good cause for her failure to serve in a timely manner. *See Boudette v. Barnette*, 923 F.2d 754, 755-56 (9th Cir. 1991).

**IT IS SO ORDERED:**

1. Defendant's motion to dismiss (Dkt. #12) is **denied**.
2. The Clerk of Court shall send Plaintiff a service packet including the Complaint (Dkt. #1), this order, and a Summons and Request for Waiver form for Defendant Glencroft.

1    3.   Plaintiff must complete and return the service packet to the Clerk of Court
2         within 30 days of the date of filing of this order. The United States Marshal
3         will not provide service of process if Plaintiff fails to comply with this order.
4    4.   The United States Marshal must retain the Summons, a copy of the Complaint,
5         and a copy of this order for future use.
6    5.   The United States Marshal Service is directed to request waiver of service of
7         the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.
8         The notice to Defendant must include a copy of this order. The Marshal must
9         immediately file requests for waivers that were returned as undeliverable and
10        waivers of service of the summons. If a waiver of service of summons is not
11        returned by Defendant within 30 days from the date the request for waiver was
12        sent by the Marshal, the Marshal must: (a) personally serve copies of the
13        Summons, Amended Complaint, and this order upon Defendant pursuant to
14        Rule 4(h) of the Federal Rules of Civil Procedure; and (b) within 10 days after
15        personal service is effected, file the return of service for Defendant, along with
16        evidence of the attempt to secure a waiver of service of the summons and of
17        the costs subsequently incurred in effecting service upon Defendant. The costs
18        of service must be enumerated on the return of service form (USM-285) and
19        must include the costs incurred by the Marshal for photocopying additional
20        copies of the Summons, Complaint, or this order and for preparing new
21        process receipt and return forms (USM-285), if required. Costs of service will
22        be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of
23        the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.
24   6.   If Defendant agrees to waive service of the Summons and Complaint, it must
25        return the signed waiver forms to the United States Marshal, not the Plaintiff.
26   7.   Defendant must answer the Complaint or otherwise respond by appropriate
27        motion within the time provided by the applicable provisions of Rule 12(a) of
28        the Federal Rules of Civil Procedure.

8. If the Clerk of Court does not receive the completed service packet from Plaintiff within 30 days of the date of this order, the Clerk is directed to terminate this action.

DATED this 17th day of December, 2009.

_____
David G. Campbell
United States District Judge

cc: USMS