**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Udoh, | ) No. CV09-0908 PHX DGC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Glencroft, | ) |
| Defendant. | ) |
| | ) |

On June 4, 2010, non-party Arizona Department of Health Services ("ADHS") filed a motion to quash Plaintiff Patricia Udoh's subpoena duces tecum. Doc. 49. Defendant Glencroft filed a joinder in the motion. Doc. 66. Plaintiff opposes the motion. Doc. 70. Defendant has filed a reply. Doc. 74. Glencroft has also filed a motion to strike Plaintiff's responses to written discovery (Doc. 47) which Plaintiff opposes (Doc. 60). For reasons that follow, the Court will grant the motion to quash (Doc. 49) and the motion to strike (Doc. 47).

**I.      Motion to Quash.**

On May 28, 2010, Plaintiff hand-served a subpoena on ADHS which required ADHS to appear at Plaintiff's personal residence at 5:00 a.m. on June 11, 2010, and to bring "GLENCROFT CARE CENTER'S ANNUAL SURVEY RESULTS/COMPLAINTS/FINES FROM 2004 TO 2007 AND CITATIONS." Doc. 49-1 at 1. ADHS filed a motion to quash the subpoena pursuant to Federal Rule of Civil Procedure 45 because it "was not properly served, is not in proper form, seeks confidential documents, and inappropriately commands an appearance at a personal residence on June 11th at 5:00 a.m.." Doc. 49 at 1. Glencroft joined the motion, arguing that the Court should either modify or quash the subpoena because

it requires disclosure of privileged information and imposes an undue burden on ADHS. Doc. 66 at 1.

Under Rule 45, a court "must quash or modify a subpoena that: . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). "The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed." *Goodman v. U.S.*, 369 F.2d 166, 169 (9th Cir. 1966). ADHS and Glencroft argue that Plaintiff's subpoena must be quashed because she requests "the production of federal records including surveys, complaints, citations, and fines relating to the Glencroft Care Center, a Medicare and Medicaid facility," many of which "are confidential Medicare records and deemed not-subject to production by the Centers for Medicare and Medicaid Services." Doc. 49 at 2. ADHS argues that the records sought by Plaintiff are considered to be records of the U.S. Department of Health and Human Services and that, under federal statutes and regulations, many of the documents may not be disclosed. ADHS "recommends that the Plaintiff make a public records request of ADHS for the requested information; ADHS can then contact the federal authorities and produce the non-confidential documents to Plaintiff." *Id.*

Glencroft also argues that the subpoena should be quashed because it subjects ADHS to an undue burden, given that the request concerns documents that "fall far outside the categories of documentation that can be compelled by subpoena in this action because they have no remote bearing upon any fact that is actually at issue in this action." Doc. 66 at 2. Glencroft argues that the issues in this case are Plaintiff's employment with Glencroft, her termination from Glencroft, and her alleged violation of Glencroft's confidentiality policies and agreements. It argues that the records sought by Plaintiff are not "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotations and citations omitted). Glencroft contends that the records sought are not directed at the performance of Plaintiff, but rather at the facility as a whole and its many departments over

which Udoh was not a director. Doc. 66 at 2-3. It further argues that the ADHS records "have no bearing upon the aspect of Udoh's performance that is actually at issue in this case: her treatment and retention of staff under her supervision." *Id.* at 3.

Plaintiff argues that the subpoena does not impose an undue burden on ADHS because the need for the subpoena is due to Glencroft's refusal to produce the requested information. Doc. 70 at 2. She further argues that the documents are relevant because they will "show that Defendant/Counterclaimant is lying concerning patients' care standards, complaints, violations, fines, and citations prior to Plaintiff/Counterdefendant Patricia Udoh start of employment at Glencroft, and records will further show that Plaintiff/Counterdefendant worked diligently to restore patients' care standards, and salvage Glencroft Medicare license." Doc. 70 at 2. Plaintiff does not address ADHS and Glencroft's argument that the requested documents are privileged, nor does she address their argument that the subpoena is an undue burden given that it requests ADHS to appear at Plaintiff's home.

The Court concludes that the subpoena should be quashed. Plaintiff sues Glencroft for race, national origin, and age discrimination. Doc. 1. Glencroft alleges that Plaintiff was not terminated for these reasons, but instead was terminated because of her poor treatment and retention of the staff she supervised as director of nursing. Glencroft does not allege that Plaintiff or her staff performed poorly or that her supervision caused the kinds of problems reflected in the ADHS records. Thus, problems Glencroft had before her employment, and whether those problems improved during her tenure, are not related to her discrimination claim or to Glencroft's defense that she was terminated because of poor personnel management skills.

**II.     Motion to Strike.**

Glencroft has filed a motion to strike Plaintiff's responses to written discovery, which she filed with the Court (Doc. 37, 38, 39). Glencroft argues that Federal Rule of Civil Procedure 5(d) precludes such filings because it states that responses to interrogatories and requests for production "must not be filed until they are used in the proceeding or the court

orders filing."[1]  Fed. R. Civ. P. 5(d)(1).  Glencroft also requests sanctions against Plaintiff in the amount of attorneys' fees and costs (Doc. 47 at 3).  Plaintiff contends that she "made an honest mistake by filing the written discovery," and argues that the "answers to the written discovery should not be stricken" (Doc. 60 at 1).

The Court agrees with Glencroft that it was inappropriate for Plaintiff to file any responses to written discovery with the Court – regardless of whether the documents contained privileged information.  Fed. R. Civ. P. 5(d)(1).  The Court will grant Glencroft's motion to strike Plaintiff's responses to written discovery.  The Court will not grant attorneys' fees to Glencroft.

**IT IS ORDERED:**

1.      Glencroft and ADHS's motion to quash (Doc. 49) is **granted**.

2.      Glencroft's motion to strike (Doc. 47) is **granted**.

DATED this 21st day of July, 2010.

_David G. Campbell_
_____
David G. Campbell
United States District Judge

---

[1] Glencroft also argues that Plaintiff failed to file the documents under seal, even though they clearly contained confidential information (Doc. 47 at 2).  Because the documents contain confidential information, the Court has sealed them (Doc. 38, 39).

- 4 -